UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FRANCINE GANNON,

          Plaintiff,

-against-

CONTINUUM HEALTH PARTNERS, INC. and
LONG ISLAND COLLEGE HOSPITAL,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No.
06 CV 5133 (RCC)

**NOTICE OF MOTION**

      PLEASE TAKE NOTICE, that upon the annexed exhibits and memorandum of law, the defendants **CONTINUUM HEALTH PARTNERS, INC. and LONG ISLAND COLLEGE HOSPITAL** will move this Court before the Honorable Richard C. Casey at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, for an Order pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure dismissing plaintiff's complaint on the grounds that it is time-barred and, for whatever further relief this Court deems proper.

      PLEASE TAKE FURTHER NOTICE, that plaintiff's opposition papers, if any, shall be served on the undersigned by December 29, 2006 and the defendants' reply papers shall be served by January 5, 2007.

2431464.1

**Dated:** New York, New York
December 15, 2006

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____

RICKI E. ROER (RER 9393)
STACY B. FISCHGRUND (SBF 3353)
Attorneys for Defendants
**CONTINUUM HEALTH PARTNERS,
INC. and LONG ISLAND COLLEGE
HOSPITAL**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 08983.00006

TO: **MICHELE BONSIGNORE, P.C.**
Attorneys for Plaintiff
**FRANCINE GANNON**
11-44 Jackson Avenue
Scarsdale, New York 10583
(914) 879-6961

2431464.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
FRANCINE GANNON,

            Plaintiff,

      -against-                    Docket No.
                                  06 CV 5133 (RCC)

CONTINUUM HEALTH PARTNERS, INC. and
LONG ISLAND COLLEGE HOSPITAL,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

                                                  RESPECTFULLY SUBMITTED,

                                                  WILSON, ELSER, MOSKOWITZ,
                                                  EDELMAN & DICKER LLP
                                                  Attorneys for Defendants
                                                  CONTINUUM HEALTH PARTNERS
                                                  INC. and LONG ISLAND COLLEGE
                                                  HOSPITAL
                                                  150 East 42nd Street
                                                  New York, New York 10017-5639
                                                  (212) 490-3000
                                                  File No. 08983.00006

OF COUNSEL:   RICKI E. ROER
                        STACY B. FISCHGRUND

2406032.4

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the Defendants, CONTINUUM HEALTH PARTNERS, INC. and LONG ISLAND COLLEGE HOSPITAL's (hereinafter collectively as the "Hospital"), Rule 12(b)(6) motion to dismiss plaintiff's disability discrimination complaint on the basis that it is untimely. The sole cause of action in plaintiff's complaint is an Americans with Disabilities Act ("ADA") claim. (Annexed hereto as Exhibit "A" is a copy of plaintiff's July 6, 2006 complaint).

It is respectfully submitted that dismissal of plaintiff's complaint is warranted at this juncture because plaintiff's claim is time-barred[1] and does not relate back to her 2004 lawsuit as a matter of law.

## PROCEDURAL BACKGROUND

Plaintiff, the former LICH Associate Director of Finance, was terminated for cause, effective September 2, 2002, due to poor work performance. (Exhibit A ¶ 3, 5, 28). Plaintiff's EEOC Charge (which named Long Island College Hospital only) was dismissed by the EEOC on March 26, 2004 on its merits; the EEOC specifically held that plaintiff's allegations "did not involve a disability as defined by the Americans with Disabilities Act." (Annexed hereto as

---

[1] Dismissal is also required as to the defendant Continuum Health Partners, Inc. ("Continuum") because: (1) plaintiff failed to name Continuum in her EEOC Charge, and (2) Continuum was not plaintiff's employer. See Glozman v. Retail, Wholesale & Chain Store Food Employees Union, Local 338, 204 F. Supp. 2d 615 (S.D.N.Y. 2002) (plaintiff barred from making claim against defendant because failed to name defendant in EEOC charge, a requisite to filing suit under ADA); Schade v. Coty, Inc., 2001 U.S. Dist. LEXIS 8440 (S.D.N.Y. June 25, 2001) (dismissal appropriate for non-employer entity); Mann v. Sunshine Biscuit, 1998 U.S. Dist. LEXIS 9712 (S.D.N.Y. Apr. 23, 1998) (failure to name defendant in EEOC charge warranted dismissal); see 42 U.S.C § 12117(a) (incorporating Title VII's enforcement scheme into ADA, by reference, which requires exhaustion of administrative remedies).

Exhibit "B" is plaintiff's EEOC Charge and the EEOC's Dismissal and Notice of Rights).[2]

On or about June 22, 2004, plaintiff filed a *pro se* complaint in the Southern District of New York bearing index number 04-CV-4886, and, containing the exact allegations contained in her January 2003 EEOC Charge and her present July 6, 2006 lawsuit. (Annexed hereto as Exhibit "C" is plaintiff's prior federal court complaint from June 2004). Plaintiff did not effectuate service on defendants and on January 12, 2005, after issuing an Order to Show Cause and granting plaintiff several extensions to effectuate service, the Court dismissed plaintiff's 2004 federal court action for failure to prosecute. (Annexed hereto as Exhibit "D" is a copy of Magistrate Judge Katz's Order to Show Cause, his Report and Recommendation and Judge Pauley's Order dismissing plaintiff's complaint).[3]

On July 6, 2006, more than two years after she received her March 2004 Right to Sue letter and over a year and a half after her 2004 suit was dismissed, plaintiff filed her present suit, alleging the same exact allegations contained in her 2003 EEOC Charge and 2004 Complaint.

---

[2]   Defendants respectfully submit that it is appropriate for the Court to consider these documents because plaintiff has specifically incorporated them by reference into her complaint and because EEOC proceedings are properly before the Court  Wong v. Health First Inc., 2005 U.S. Dist LEXIS 14309 (S.D.N.Y July 19, 2005) (Court may consider documents incorporated in complaint by reference, including the EEOC Right-to-Sue letter); Ruiz v. N.Y. City Fire Dep't, 2001 U.S. Dist LEXIS 9242 (S.D.N.Y July 9, 2001) (on motion to dismiss, Court may consider plaintiff's EEOC charge and Right To Sue letter because documents incorporated by reference in complaint and integral to complaint).

[3]   On December 6, 2004, plaintiff's present counsel was granted a further extension of time to serve the complaint and dismissal was ordered when service was not effectuated. (Annexed hereto as Exhibit "E" is Bonsignore's Declaration).

## ARGUMENT

## PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM IS TIME-BARRED

Plaintiff's present ADA claim is time-barred because her July 2006 suit does not relate back to her initial June 22, 2004 filing date. The "relation back" exception does <u>not</u> apply at bar because Federal Rule of Civil Procedure 15(c) only permits a plaintiff to "relate back" a pleading which is an <u>amendment</u> of an original pleading and only those amendments due to a mistake. The relation back doctrine does <u>not</u> extend the statute for an entirely new complaint or for a complaint which has already been dismissed. Fed. R. Civ. P. 15(c); <u>Smalls v. Fraser</u>, 2006 U.S. Dist. LEXIS 56184 (S.D.N.Y. Aug. 11, 2006); <u>Finch v. City of New York</u>, 2006 U.S. Dist. LEXIS 34144 (S.D.N.Y. May 26, 2006).

The dismissal of plaintiff's 2004 complaint precludes her from relying on the relation back doctrine. See <u>Hackner v. Guaranty Trust Co. of New York</u>, 117 F.2d 95 (2d Cir. 1941) (where new service of process is required, a claim will not relate back to the date of the original suit); <u>Gay v. Carlson</u>, 1992 U.S. Dist. LEXIS 15799 (S.D.N.Y. Oct. 15, 1992) (when initial complaint dismissed for improper service, the original action never commenced and the subsequent action cannot be deemed to relate back to the date of the original filing); <u>In re Chaus Securities Litigation</u>, 801 F. Supp. 1257 (S.D.N.Y. 1992) (granting defendant's motion to dismiss plaintiff's complaint as time-barred because no relation back where plaintiff failed to serve initial complaint on defendant); <u>Hill v. Brunelle</u>, 2000 U.S. App. LEXIS 8597 (2d Cir. 2000) (rejecting "relation back" of a subsequent petition when initial petition was dismissed); <u>Izzo v. U.S.A.</u>, 2006 U.S. Dist. LEXIS 19675 (E.D.N.Y. Apr. 14, 2006) ("relation back" doctrine inapplicable when initial petition is dismissed).

2406032.4

Since the relation back doctrine does not apply at bar, plaintiff was required to file her wrongful termination ADA complaint within ninety (90) days of her receipt of the March 26, 2004 Right To Sue letter. Plaintiff's instant July 2006 suit is therefore clearly untimely. 42 U.S.C. § 2000e-5(f); Wong v. Health First Inc., 2005 U.S. Dist. LEXIS 14309 (S.D.N.Y. July 19, 2005) (employee's suit was time barred where plaintiff failed to file suit within 90 days of receipt of Right To Sue letter); Nearhood v. Tops Markets, Inc., 76 F. Supp. 2d 304 (W.D.N.Y. 1999) (defendant's motion to dismiss granted and plaintiff's complaint dismissed with prejudice because plaintiff failed to file her complaint within 90 days after receiving Right To Sue letter from the EEOC).

Furthermore, there is no tolling period applicable at bar. Failure to complete service of the summons within 120 days, as required by Fed. R. Civ. P. 4(m), ends the tolling period, and the statute of limitations once again begins to run. Amnay v. Del Labs, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000). While a court does retain discretion to grant an equitable tolling of the ninety (90) day rule, that discretion only applies in rare circumstances and should be exercised "sparingly"; failure to commence litigation within the statutory deadline or effectuate service within the Court's set deadlines is not a basis for the application of this limited tolling doctrine. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 111 S. Ct. 453 (1990); Haghpassand v. Reuters Am. Inc., 2005 U.S. App. LEXIS 1439 (2d Cir. 2005); Nearhood, 76 F. Supp. 2d at 306 (in the absence of a recognized equitable consideration, the court could not extend the limitations period by even one day). Courts in this Circuit have allowed equitable tolling in only the most limited circumstances and no such circumstances exist at bar. Indeed, tolling is improper, where as here, plaintiff was granted several extensions and failed to act diligently. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (no tolling of 90 day period where plaintiff

was told three times what she must do to preserve claim because one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence); Manley v. N.Y. City Police Dep't, 2005 U.S. Dist. LEXIS 24379 (E.D.N.Y. Oct. 18, 2005) (citing South v. Saab Cars USA, 28 F.3d 9 (2d Cir. 1994)) ("The principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect"). It is respectfully submitted that plaintiff's suit is clearly untimely and should be dismissed now. The relation back and tolling doctrines are clearly inapplicable to plaintiff's present suit.

2406032.4

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendants, **CONTINUUM HEALTH PARTNERS, INC. and LONG ISLAND COLLEGE HOSPITAL's**, Rule 12(b)(6) motion to dismiss with prejudice the plaintiff's Complaint in its entirety and for such other and further relief this Court deems proper.

**Dated:** New York, New York
December 15, 2006

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
RICKI E. ROER (RER 9393)
STACY B. FISCHGRUND (SBF 3353)
Attorneys for Defendants
**CONTINUUM HEALTH PARTNERS, INC. and LONG ISLAND COLLEGE HOSPITAL**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 08983.00006

TO: **MICHELE BONSIGNORE, P.C.**
Attorneys for Plaintiff
**FRANCINE GANNON**
11-44 Jackson Avenue
Scarsdale, New York 10583
(914) 879-6961